**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DR. JERALD THOMPSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.** |
| | : | |
| **KUTZTOWN UNIVERSITY,** | : | |
| **DR. ELSA GESKUS , and** | : | |
| **DR. FRED McCOY** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Dr. Jerald Thompson(hereinafter "Dr. Thompson" or "Plaintiff"). Plaintiff was an employee of Kutztown University, who has been harmed by race-based harassment, race-based discrimination, sex-based harassment, sex-based discrimination, gender-based harassment, gender-based discrimination and hostile work environment, as well as other improper conduct by Defendant Kutztown University and its agents, servants and representatives named herein. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, *et seq.*, the Pennsylvania Human Relations Act, Title 43 Pa.C.S.A. § 951 *et seq.* and Pennsylvania Common Law.

## II. JURISDICTION AND VENUE

1. The original jurisdiction of this Court is invoked, and venue is in this District, pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202,

1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), *et seq*. and Title 28 U.S.C. §1331, 1391, 2201, 2202, 1343.

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. C. S. A. §951 *et seq*., and under Pennsylvania common law.
3. All conditions precedent to the institution of this suit have been fulfilled.
4. On April 30, 2007, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission which was jointly filed with the EEOC, against Defendants alleging, *inter alia* sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment, racial harassment, race discrimination and retaliation.
5. On July 2, 2008, Plaintiff filed a Second Complaint of Discrimination with the Pennsylvania Human Relations Commission which was jointly filed with the EEOC, against Defendants alleging, *inter alia* sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment, racial harassment, race discrimination and retaliation pertaining to the denial of tenure.
6. In response, Defendants filed a Motion to Dimiss with the PHRC, alleging that Plaintiff's Complaint was untimely.
7. By Order of November 17, 2009, the PHRC ruled that Plaintiff's Complaint was not untimely because, as set forth below, Defendants actively mislead Plaintiff as to the reasons for the adverse job actions taken against him.

8. Upon information and belief, the Complaints were thereafter merged for the purposes of the PHC investigation and proceedings.

9. On November 9, 2010, the PHRC dismissed Plaintiff's Complaint after investigation. This action has been filed within two years of the date of dismissal.

10. On March 8, 2012, the EEOC issued a Notice of Right to Sue of the above-cited Charge of Discrimination. This Complaint has been filed within the ninety (90) days of the Notice of Right to Sue.

## III. PARTIES

11. Plaintiff, Dr. Thompson, is an adult African-American male citizen and resident of the Commonwealth of Pennsylvania residing in Emmaus, Pennsylvania.

12. Defendant, Kutztown University (hereinafter "Kutztown" or "Defendant University"), is a university operated by the Pennsylvania State System of Higher Education.

13. Defendant, Dr. Elsa Geskus (hereinafter "Dr. Geskus"), is an adult female citizen and resident of the Commonwealth of Pennsylvania. At all times material hereto, Dr. Geskus was serving in her capacity as the Chairman of the Elementary Education Department at Kutztown University, and who at all times relevant hereto was acting within the scope of her duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions.

14. Defendant, Dr. Fred McCoy (hereinafter "Dr. McCoy"), is an adult male citizen

and resident of the Commonwealth of Pennsylvania. At all times material hereto, Dr. McCoy was serving in her capacity as the Associate Dean of the Education Department at Kutztown University, and who at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions.

15. At all times relevant hereto, Defendant University acted by and/or failed to act by and through the conduct of its, managers, agents and employees, including but not limited to the Individual Defendants, all acting within the scope and course of their employment.

16. At all relevant times herein, the Individual Defendant knew, or had reason to know, of the actions and inaction alleged herein and/or have personally participated in the actions complained of herein, and are ultimately responsible for same.

17. At all times material hereto, the Individual Defendants aided and abetted the discriminatory actions of Defendant Kutztown University.

## IV. CAUSES OF ACTION

### A. ALLEGATIONS PERTAINTING TO SEX AND RACE DISCRIMINATION – DENIAL OF PROMOTION/TERMIANTION

18. Plaintiff became employed by Defendant University in or about September 2005 as an Instructor, with the understanding that he would be automatically promoted to Assistant Professor, a tenure track position, upon completion of his terminal degree.

19. At all times material hereto, Plaintiff's job performance comported in all ways with the performance and conduct expected.

20. Plaintiff completed his terminal degree on March 23, 2007 and requested promotion to Assistant Professor.

21. On March 26, 2007, Dr. Geskus informed Plaintiff that his contract would not be renewed for the 2007-08 school year.

22. On April 27, 2007, Dr. Geskus informed Plaintiff that he was not eligible for promotion to Assistant Professor because he was required to serve in the position of Instructor for three years before he would be eligible for promotion.

23. Dr. Geskus also told Plaintiff that his promotion was not automatic, as he had been previously promised.

24. Plaintiff was the only Kutztown Education Professor whose contract was not renewed.

25. At the time, Plaintiff had no reason to believe that what Dr. Geskus told him was not correct.

26. However, in or before July 2008, Plaintiff learned that two Caucasian, female Instructors were automatically promoted to Assistant Professor upon completing their terminal degrees, having served for less than three years in the position of Instructor.

27. Plaintiff has been discriminated against because of his race and sex.

**B. ALLEGATIONS PERTAINTING TO SEX DISCRIMINATION – SEXUAL HARASSMENT**

28. Plaintiff realleges and reavers all of the foregoing allegations and averments as

if fully set forth herein.

29. From in or about September 2006 until May 2007, Defendant McCoy continuously and regularly was sexually harassed by his supervisor, including but not limited to

a. During September and October 2006, Dr. McCoy continuously invited Plaintiff to travel with him to "spend the night;"

b. In or about November 2006, Dr. McCoy told Plaintiff that "sleeping with him" would help with the renewal of Plaintiff's contract;

c. In December 2006, Dr. McCoy entered Plaintiff's office, closed the door and hugged Plaintiff;

d. In March 2007, Dr. McCoy told Plaintiff that he could "guarantee" that he passed his dissertation defense if he would sleep with him;

e. When Plaintiff refused to sleep with Dr. McCoy, McCoy attempted to sabotage Plaintiff's defense

f. During April 2007, Dr. McCoy continued to make intimate physical contact with Plaintiff.

30. Between September 2006 and April 2007, Dr. McCoy would engage in some act that was harassing to Plaintiff on the basis of his sex on at least a weekly basis.

31. Defendant University has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and heard allegations from Plaintiff of harassment, discrimination and retaliation.

32. At all relevant times herein, Defendant knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some

of said actions and is ultimately responsible for same.

33. Instead of investigating the aforementioned allegations or taking prompt remedial actions, Defendant University, McCoy retaliated against Dr. Jerald Thompson and failed to promptly and effectively address Plaintiff's complaints concerning their harassment, discrimination and retaliation.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages due to pain, suffering, mental anguish, fear, anxiety, sleeplessness, humiliation and severe emotional, psychological and physical distress.

35. As a direct and proximate result of Defendants' invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and earnings in excess of One Hundred Thousand Dollars ($100,000.00).

36. As a direct and proximate result of Defendants' invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of future income, benefits, earnings and earnings capacity in excess of One Hundred Thousand Dollars ($100,000.00).

37. Plaintiff seeks promotion to Sergeant, together with back pay, compensatory and other damages set forth herein and/or seeks in lieu of reinstatement front pay damages.

38. Defendants' aforesaid actions were outrageous, egregious, preposterous, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

**COUNT I**
**DR. THOMPSON**
**v.**
**KUTZTOWN UNIVERSITY**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**

39. Paragraphs 1 through 38 inclusive, are incorporated by reference as if fully set forth at length herein.

40. Based on the foregoing, Defendants have engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.* The said unlawful practices for which Defendant University is liable to Dr. Jerald Thompson include, but are not limited to, terminating Plaintiff on the basis of his race/sex, fostering and perpetuating a hostile and offensive work environment, retaliating against him because of his expressed opposition to offensive sexually related conduct in the work place, subjecting him to more onerous working conditions and treating Plaintiff in a disparate manner.

41. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title 42 U.S.C. § 2000e, *et_seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT II**
**DR. THOMPSON**
**v.**
**KUTZTOWN UNIVERSITY**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**

42. Paragraphs 1 through 41 inclusive, are incorporated by reference as if fully set forth at length herein.

43. Based on the foregoing, the Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.*

44. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against him because of his opposition to the illegal conduct in the workplace, subjecting him to more onerous working conditions and treating him in a disparate manner.

45. All of the foregoing acts by Defendant were solely motivated by Plaintiff's race/color in violation of 42 U.S.C. § 2000e, *et seq.*

46. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem.

**COUNT III**
**DR. THOMPSON**
**v.**
**KUTZTOWN UNIVERSITY**
**RETALIATION UNDER TITLE VII**

47. Paragraphs 1 through 46 inclusive, are incorporated by reference as if fully set forth at length herein.

48. By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000e *et seq.* in violation of these acts.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

**COUNT IV**
**DR. THOMPSON**
**v.**
**KUTZTOWN UNIVERSITY**
**43 Pa.C.S.A.§951, *et seq*.**

50. Paragraphs 1 through 49 inclusive, are incorporated by reference as if fully set forth at length herein.

51. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against Plaintiff because of his expressed opposition to offensive sexually related conduct in the work place, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

52. As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of their sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

53. Defendants Geskus and McCoy were supervisory employees whose conduct

aided and abetted the illegal discrimination, sexual harassment and assault of Defendant University.

**COUNT V**
**DR. THOMPSON**
**v.**
**GESKUS AND McCOY**
**AIDING AND ABETTING UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT**

54. Paragraphs 1 through 53 inclusive are incorporated by reference as if fully set forth at length herein.

55. The unlawful actions of the individual Defendants acting as aforesaid, constitutes an aiding and abetting violation pursuant to Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act.

56. At all relevant times herein, Defendant knew, or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Defendant, Geskus and McCoy.

57. The individual Defendants, as supervisors, are personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct and sexual harassment set forth herein.

58. As a direct result of the individual supervisor Defendant's willful and unlawful actions in aiding and abetting in the sexual harassment set forth herein in violation of Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings and benefits, loss of future earning power, back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

59. Plaintiff repeats the allegations of paragraphs 1 through 58 this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendants and requests that this Court:

a. Exercise jurisdiction over his claims;

b. Order Defendants to reinstate Plaintiff to the position of Assistant Professor with all accrued seniority and other benefits and emoluments of employment, together with back pay and compensatory damages;

c. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages under Title VII;

d. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

e. Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which he would have been entitled, had he not been subject to unlawful discrimination;

f. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

g. Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

h. Order Defendants pay to Plaintiff punitive damages under Title VII and compensatory damages for future pecuniary losses, pain, suffering,

inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

i. Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

j. Award Plaintiff his attorneys' fees and costs; and

k. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: ______________________________

GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Dr. Jerald Thompson

Date: June 22, 2012